**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MINISTRY OF DEFENSE AND SUPPORT FOR THE ARMED FORCES OF THE ISLAMIC REPUBLIC OF IRAN, <br><br> Petitioner/Plaintiff, <br><br> vs. <br><br><br> CUBIC DEFENSE SYSTEMS, INC., <br><br> Respondent/Defendant, <br><br> and <br><br> JENNY RUBIN, et al.; FRANCE RAFII; and DEBORAH PETERSON et al., <br><br> Lien Claimants. | CASE NO. 98-CV-1165-B <br><br> ORDER: <br> (1) GRANTING JOINT MOTION TO DETERMINE AMOUNT OF PRINCIPAL AND CERTAIN INTEREST; <br> (2) GRANTING EX PARTE APPLICATION TO DEPOSIT FUNDS WITH CLERK OF COURT; <br> (3) SETTING BRIEFING SCHEDULE ON REMAINING MOTIONS; and <br> (4) SERVING COPY OF THIS ORDER ON PARTIES IN RELATED MATTER |

On April 17, 2012, the Court convened a status conference in this case to discuss the remaining matters in this international arbitration matter.  This Order establishes the procedure for the remaining matters.

I. **Joint Motion to Determine Amount of Principal and Other Undisputed Sums**

Cubic Defense Systems, Inc. ("Cubic") and the Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran ("Iran" or "Ministry") agreed to calculate those parts of the judgment which were undisputed, including:  (1) the principal and arbitration costs, (2) 12% interest awarded by the international arbitration panel from September 24, 1991 to the date of the final arbitration award, May 5, 1997; and (3) post-

judgment interest from August 10, 1999 to the date of deposit with the Clerk of the Court. They submitted a joint motion to determine those amounts by their calculation.

The Court gave the Lien Claimants an opportunity to contest the calculation by filing either a statement of non-opposition or an objection by April 16, 2012 at noon.  The Rubin and Rafii Lien Claimants filed a statement of non-opposition, but the Peterson Lien Claimants did not respond or appear at the status conference.

For good cause shown, the Court grants the joint motion to determine the amount of the principal, arbitration costs, pre-award interest, and post-judgment interest, as follows:

(1)  The principal amount of the judgment, including the award of $2,808,519, arbitration costs of $60,000, and 12% interest from 9/24/91 to 5/5/97 is **$4,758,651.63**.

(2)  The post-judgment interest rate is 4.966% per the tables following 28 U.S.C. § 1961 and is compounded annually pursuant to § 1961(b).  The following table sets forth the correct interest calculation to and including April 6, 2012.  Until the next compounding anniversary, which would be August 10, 2012, the daily interest accrual is $1,155.03. Cubic anticipates that it will deposit the funds this week, and it will add the daily accrued interest from April 6, 2012 to the actual date of deposit.

| Principal | Judgment Date | Current Date | Days | Annual Interest | Amount Owed |
|---|---|---|---|---|---|
| $4,758,651.63 | 8/10/99 | 8/9/00 | 366 | $ 236,314.64 | $  4,994,966.27 |
| $4,994,966.27 | | 8/10/01 | 365 | $ 248,050.02 | $  5,243,016.29 |
| $5,243,016.29 | | 8/10/02 | 365 | $ 260,368.19 | $  5,503,384.48 |
| $5,503,384.48 | | 8/10/03 | 365 | $ 273,298.07 | $  5,776,682.56 |
| $5,776,682.56 | | 8/10/04 | 366 | $ 286,870.06 | $  6,063,552.61 |
| $6,063,552.61 | | 8/10/05 | 365 | $ 301,116.02 | $  6,364,668.64 |
| $6,364,668.64 | | 8/10/06 | 365 | $ 316,069.44 | $  6,680,738.08 |
| $6,680,738.08 | | 8/10/07 | 365 | $ 331,765.45 | $  7,012,503.53 |
| $7,012,503.53 | | 8/10/08 | 366 | $ 348,240.93 | $  7,360,744.46 |
| $7,360,744.46 | | 8/10/09 | 365 | $ 365,534.57 | $  7,726,279.03 |
| $7,726,279.03 | | 8/10/10 | 365 | $ 383,687.02 | $  8,109,966.05 |
| $8,109,966.05 | | 8/10/11 | 365 | $ 402,740.91 | $  8,512,706.96 |
| $8,512,706.96 | | 4/6/12 | 240 | $ 277,207.23 | $  8,789,914.19 |

98CV1165

1   All issues concerning discretionary pre-judgment interest and discretionary

2   attorney's fees are reserved.  No claim or defense concerning those issues is waived or

3   affected in any way by this Order.

4   **II.  Ex Parte Application to Deposit the Undisputed Amounts with Clerk of Court**

5   Various laws, regulations, and executive orders bar payment of funds to Iran as part

6   of the United States' sanctions.  Cubic applied for, and on March 26, 2012, received a

7   license from the United States Department of Treasury's Office of Foreign Assets Control

8   ("OFAC"), an office that supervises the sanctions against Iran, to deposit the funds with the

9   Clerk of the Court.[1]

10  Because Cubic wants to stop the accrual of post-judgment interest, it wants to make

11  the deposit with the Clerk of the Court as soon as possible.  Cubic filed this request in two

12  forms:  (1) an ex parte application for immediate deposit, and, (2) as a back-up, a noticed

13  motion to deposit the funds and determine the effect of the deposit in terms of satisfaction

14  of the judgment, the appeal bond, and the reporting requirements under the OFAC license.

15  As discussed above, the Court gave the Lien Claimants an opportunity to object to

16  the immediate deposit of funds, as requested in the ex parte application, but no Lien

17  Claimant objected.

18  Accordingly, the Court grants Cubic's ex parte application, pursuant to Rule 67 of

19  the Federal Rules of Civil Procedure to deposit funds into Court's registry equal to the

20  amount agreed between it and the Ministry to be due on the date of deposit.  Cubic is

21  permitted to deposit, and the clerk shall accept, the sum due on the judgment on the date of

22  deposit as set forth in the joint motion of Cubic and the Ministry.  Cubic is responsible for

23  serving this Order on the Clerk.  This interim leave to deposit does not determine any issue

24  concerning the merits of any of the pending matters.

25

26

27  [1]As requested, the United States responded to Cubic's concerns about depositing the money with the Clerk of the Court  *before*  the license issued.  On March 30, 2012, the Department of Justice reported that it had issued Cubic a license.  The license permits Cubic

28  to deposit the funds in this action with the Clerk of the Court (or a blocked bank account). Thus, the United States has no objection.

### III.  Cubic's Noticed Motion to Deposit Judgment with Court and Other Issues

Cubic filed, as a back-up to its ex parte application, a motion to deposit the funds with the Clerk of the Court.  The Court has granted the main part of that motion by authorizing Cubic to deposit the agreed-upon funds with the Clerk of the Court; however, the motion raises additional issues including, among others, (1) whether Cubic is entitled to an order declaring that judgment satisfied, (2) whether the bond should be exonerated, and (3) who will be responsible for continued reporting to OFAC under the terms of the license.

During the status conference, the Court expressed its tentative ruling to deny the three additional requests.  The Court will hear oral argument on the remaining issues on Monday, **May 21, 2012** at 9:30 a.m. in a courtroom to be determined.  Any party who wishes to oppose the motion shall do so in accordance with the schedule set forth in Local Civil Rule 7.1(e).

Counsel may appear by telephone or in person.  Any counsel who wishes to appear by telephone shall contact Cubic on or before **May 16, 2012** so that arrangements can be made.  Cubic shall be responsible for arranging the conference call with a reliable service provider.  Those who appear by telephone should be on a dedicated landline (not a cellular telephone).  Once a courtroom has been reserved, the Court will provide Cubic with the telephone number.

### IV.  Attorney's Fees and Pre-Judgment Interest

The Ninth Circuit held that federal courts have jurisdiction to award, in its discretion, attorney's fees and pre-judgment interest; consequently, it remanded those matters to this Court.

As discussed in the status conference, the Court will hear argument on Iran's motion for attorney's fees and pre-judgment interest on Tuesday, **June 12, 2012** at 9:30 a.m.

After conferring with counsel, the Court sets a special briefing schedule for all matters to be heard on June 12, 2012.

Iran shall file its opening brief on or before May 12, 2012.  Iran's brief shall cover both the issue of entitlement to fees and the calculation of the amount of such fees, which

98CV1165

1   will be properly supported with billing records.

2     Any Lien Claimant who wishes to join that motion shall file a joinder on or before
3   May 14, 2012; conversely, if any Lien Claimant wishes to oppose the motion, they shall
4   file an opposition brief on or before May 30, 2012.

5     Cubic may file its opposition brief on or before May 30, 2012.

6     Iran may file a reply brief on or before June 6, 2012.

7     Because of the number of issues and parties, counsel should anticipate that the
8   hearing on June 12, 2012 will break for lunch at 11:30 a.m. and resume at 2:00 p.m.

9   **V.  Lien Claimants' Motions**

10    On January 11, 2012, the Court stayed execution of the enforcement of judgment
11  until further order of the Court. [# 184]

12    That stay remains in effect *with the exception* that Lien Claimants may file a motion
13  to resolve their right, if any, and the priority and/or apportionment of the competing liens,
14  to Iran's judgment (both as to the funds immediately deposited with the Clerk of the Court
15  and to any amounts that may be awarded for attorney's fees and pre-judgment interest).
16  The Court will hear argument on those motions on Tuesday, **June 12, 2012** at 9:30 a.m.,
17  along with Iran's motion for attorney's fees and pre-judgment interest.  The same briefing
18  schedule and arrangements to appear by telephone set on Iran's motions for attorney's fees
19  and pre-judgment interest shall apply to the Lien Claimants' motions.

20  **VI.  Heiser v. Islamic Republic of Iran**

21    At the status conference, the parties notified the Court that other creditors, the
22  Estates of Michael Heiser and Millard Campbell, filed a miscellaneous action against Iran,
23  which was assigned to the Chief Judge of our Court.  In February and April 2010, the Court
24  issued two writs of attachment and garnishment concerning assets and property held by a
25  third party.  The action lay dormant for two years.

26    Then, on March 26, 2012, Heiser filed an ex parte application seeking to execute the
27  arbitration award in the above-captioned case.  On April 5, 2012, Chief Judge Moskowitz
28  ordered Heiser to serve the motion on Cubic and Iran, so that they could file an objection

by May 1, 2012 and appear at a hearing to be held on May 22, 2012.

It appears to this Court that the pending motion renders the action a related case under Local Civil Rule 40.1(f); however, Chief Judge Moskowitz is out of the district this week.  Upon his return, the Court will promptly discuss the matter with the Chief Judge and issue an additional order.  For example, it might be appropriate to transfer the *Heiser* case to this Court as a related case; vacate the May 12 hearing; and re-set that motion for June 12, 2012.  In the interim, the Clerk shall serve a courtesy copy of this Order on the parties in 08mc491-BTM.

<u>Conclusion</u>

(1) The Court grants the joint motion to determine the amount of principal and certain undisputed items of interest.  [# 202]

(2) The Court grants Cubic's ex parte application to deposit funds with clerk of court.  [#204]  Cubic may deposit the sum of due on the date of deposit as set forth in the joint motion along with the additional accrued interest to the actual date of deposit.  The Clerk of the Court shall accept the funds and, as soon as practical, deposit them into a passbook savings account until further Order of the Court.  Fed. R. Civ. P. 67; Local Civil R. 67.1(b) (authorizing temporary deposit into non-interest bearing account until arrangements can be made for deposit in an interest bearing account) & (e)(1).

(3)  The Court will hear oral argument on the remaining issues in Cubic's motion to deposit judgment into Court on Monday, **May 21, 2012 at 10:30 a.m.** in a courtroom to be determined.[2]  Any party who wishes to oppose the motion shall do so in accordance with the schedule set forth in Local Civil Rule 7.1.

(4) The Court will hear Iran's motion for attorney's fees and pre-judgment interest on Tuesday, **June 12, 2012 at 9:30 a.m.**, in a courtroom to be determined, with briefs due as set forth in this Order.

(5) The Court will hear Lien Claimants' motions regarding their claims on Tuesday, **June 12, 2012 at 9:30 a.m.**, in a courtroom to be determined, with briefs due as set forth in

[2]Cubic's notice of motion incorrectly states the date of the hearing as May 12.

this Order.  In all other respects, the Court's stay on the execution of judgment remains in effect.

(6)  The Clerk of the Court shall serve a courtesy copy of this Order on the parties in *Heiser v. Iran*, 08mc419-BTM.

IT IS SO ORDERED.

DATED:  April 17, 2012

Hon. Rudi M. Brewster
United States Senior District Judge