# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINISTRY OF DEFENSE AND SUPPORT FOR THE ARMED FORCES OF THE ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　　　Petitioner/Plaintiff,<br>　vs.<br><br>CUBIC DEFENSE SYSTEMS, INC.,<br><br>　　　　　　　　Respondent/Defendant,<br>and<br><br>JENNY RUBIN, et al.; FRANCE RAFII; and DEBORAH PETERSON et al.,<br><br>　　　　　　　　Lien Claimants. | CASE NO. 98-CV-1165-B (DHB)<br><br>ORDER (1) GRANTING CUBIC'S MOTION TO DEPOSIT FUNDS WITH COURT AND (2) DENYING IRAN'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME<br><br>[Doc. Nos. 203 & 227] |

In April 2012, Cubic Defense Systems, Inc. filed both an ex parte application and a noticed motion to deposit certain funds with the Clerk of the Court. [# 203 & 204] After a status conference, the Court authorized Cubic to deposit the funds with the Clerk of the Court but deferred ruling on several minor issues until the hearing on May 30, 2012. [# 208] Cubic filed a supplemental brief and no other party opposed the motion. For the reasons stated below and at the May 30 hearing, the Court grants Cubic's motion. [# 203] In addition, the Court denies the request to alter the briefing schedule on the Lien Claimant's motion to execute its liens on the judgment. [# 227]

Background

On December 8, 1998, the Court confirmed an international arbitration award in favor of the Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran ("Iran"). [# 24] The arbitration award included $2.8 million in contract damages, 12% pre-award interest (1991 to 1995), and half of the arbitration costs ($60,000).

Iran filed a motion for reconsideration arguing that it was entitled to attorney's fees and pre-judgment interest. The Court denied the motion on August 4, 1999 on the ground that it lacked authority to make those awards in international arbitration cases. [# 49]

On August 10, 1999, the Clerk entered judgment granting Iran's petition to confirm the arbitral award. [# 51]

On August 19, 1999, Cubic filed a notice of appeal. [# 52] The Court agreed to stay execution of the judgment (then calculated at $4.7 million "plus court costs not yet determined and interest thereon") on the condition that Cubic post a $5.4 million supersedeas bond. On August 24, 1999, Cubic filed the bond. [# 53] American Home Assurance Company promised to "perform and abide with all of terms and conditions of the Judgment filed in this proceeding and of such further orders and decrees as may be entered." *Id.*

On September 2, 1999, Iran appealed the order denying fees and pre-judgment interest. [# 57]

While the appeals were pending, three groups of victims of terrorist acts filed liens on the judgment (hereinafter "Lien Claimants").

On December 11, 2011, the Ninth Circuit filed its opinion. 665 F.3d 1091 (9th Cir. 2011). In relevant part, the Ninth Circuit vacated the order denying pre-judgment interest and attorney's fees. The Ninth Circuit held that district courts had discretion to award these items in international arbitration cases. *Id.* at 1102-04.

In anticipation that the Lien Claimants might seek to execute the judgment or bond, on January 11, 2012, the Court stayed execution of the judgment.

On February 7, 2012, the Court spread the mandate.

Because federal law prohibits payment of money to Iran, in March 2012, Cubic obtained a license from the Department of Treasury's Office of Foreign Assets Control ("OFAC") to satisfy the judgment in this case. The license permits Cubic to deposit the funds owed to Iran with the Clerk of the Court (or into a blocked account). The license also authorized the payment, if appropriate, to the victims of terrorist acts by Iran. The license obligates Cubic to file periodic reports to OFAC as to the status of the funds.

After discussing the case with all counsel, the parties identified three remaining matters and devised a procedure to resolve the entire case in an orderly manner.

(1) Cubic would immediately deposit funds to satisfy that portion of the judgment that was not disputed, while reserving its right to object to Iran's request for pre-judgment interest and attorney's fees.

(2) Iran would move for an award of pre-judgment interest and attorney's fees. If the Court grants that relief, those funds would also be deposited with the Clerk of the Court for distribution either to Iran (in a blocked account) *or* Lien Claimants. These motions are scheduled for hearing on August 15, 2012 at 9:30 a.m.

(3) Lien Claimants would move to execute their liens and assert their right to the judgment, while Iran reserved its right to oppose. These motions would resolve the right to funds already deposited as well as any additional funds for attorney's fees and pre-judgment interest. The Lien Claimants' motion will be heard on August 8, 2012.

As to the first matter, Iran and Cubic agreed to the calculation of the amounts to satisfy the principal award, Cubic's share of the arbitration costs, the 12% pre-award interest, and post-judgment interest. On April 18, 2012, Cubic deposited over $8.8 million with the Clerk of the Court.

At the status conference, the Court expressed concern over Cubic's request for a order declaring it had fully satisfied the judgment; for release of the supersedeas bond; and for the Clerk to establish a direct reporting relationship with OFAC. This Order resolves

those three minor issues.

### (1) Cubic Requests Satisfaction of the Judgment "as entered"

In a dispute over semantics, Cubic requests either an order of "partial satisfaction of the judgment to extent of payment" or "full satisfaction of the judgment as entered," but it prefers the second wording.

The Court is concerned that an order regarding satisfaction of the judgment must accurately state that Cubic may also be liable for attorney's fees and pre-judgment interest. The Court wishes to avoid any confusion by implying that Cubic is "fully" released from its participation in the action *before* its potential liability for fees and interest has been litigated. Fed. R. Civ. P. 62(h) (court "may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered"); *see Robbins Flooring, Inc. v. Fed. Floors, Inc.*, 445 F. Supp. 4, 13 (E.D. Penn. 1977) (district court has inherent power to control disposition of case with economy of time and effort for itself, counsel, and litigants). This disposition of the funds in this case involves the potential interest of victims of terrorism – a unique interest that outweighs Cubic's interest in a premature order of satisfaction. The Court will resolve the final pieces of this lengthy litigation within two months. If Iran is entitled to recover additional sums from Cubic for attorney's fees and pre-judgment interest, the Court could properly enter an amended judgment at that time.

Having expressed its concerns, the Court is willing to enter a order of satisfaction that clearly states that Cubic paid the bulk of the judgment but that it may also be liable for attorney's fees and pre-judgment interest.

### (2) Cubic Requests Exoneration of Supersedeas Bond

Cubic argues the supersedeas bond does not extend to attorney's fees and pre-judgment interest because it covered only the elements that had been awarded in the August 1999 judgment (*i.e.*, the arbitration award, 12% pre-award interest, half the arbitration fees, and any costs on appeal). Cubic recently paid the $8.8 million to satisfy the judgment that was the subject of its appeal; therefore, it argues that the liability for which the bond was

1  issued no longer exists.

2  It is beyond dispute that the Court has the authority to continue the bond in its
3  discretion as the surety promised to abide "such further orders and decrees as may be
4  entered." *See Beatrice Foods Co. and New England Printing and Lithographing Co.*, 930
5  F.2d 1572, 1576 (Fed. Cir. 1991) (rejecting argument that bond expired at moment court
6  vacated award because surety remained liable until final damages were calculated); *Foster*
7  *v. Hallco Mfg. Co., Inc.*, 835 F. Supp. 1235, 1236 (D. Or. 1993) ("interest of fairness"
8  justified keeping funds "until resolution of the controversy").  As noted, the Court must be
9  especially cautious to protect the potential interest of the victims who filed liens. *See*
10 *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191
11 (5th Cir. 1979) (supersedeas bond is a privilege and court must consider competing
12 interests).

13 Nonetheless, no party has raised a concern that Cubic would be unable to pay an
14 award of attorney's fees or pre-judgment interest if Iran prevails on its motion.  Cubic has
15 satisfied the bulk of the award by depositing eight million dollars with the Clerk of the
16 Court.  The purpose of the superseadeas bond has been fulfilled.  The Court discharges the
17 surety from its obligation.

18 **(3) Cubic Requests Clerk of Court File Reports on OFAC License**

19 Cubic initially wanted the Clerk of the Court to have a "direct relationship" with
20 OFAC for reporting purposes; however, at the hearing, Cubic modified its request.  Cubic
21 now asks that the Clerk of the Court be instructed to respond to Cubic's request for
22 information about the funds deposited in the interest bearing account so that Cubic can
23 fulfill its reporting obligations under the OFAC license.

24 Cubic is the licensee and cannot shift the administrative burden to the Court.   The
25 Clerk of the Court shall provide Cubic information concerning the status of the deposited
26 funds so that Cubic can comply with the terms of its OFAC license.

27 Conclusion

28 For the reasons set forth above:

1    (1) The Court acknowledges receipt of $8,803,744.55, paid to the Clerk of the Court, from Cubic on April 18, 2012. By this deposit, Cubic satisfied the Judgment entered on August 10, 1999 as to sums due for the principal, arbitration costs, pre-award interest, and post-judgment interest [Doc. No. 51]; however, this declaration is without prejudice to the potential future award of pre-judgment interest (including any claim for interest on interest) and/or attorney's fees, which will be resolved by separate motion.

    (2) The Court discharges and exonerates Cubic's supersedeas bond. [Doc. No. 53]

    (3) Cubic shall bear all obligations to report to Office of Foreign Assets Control (or any other federal agency) under its license. Cubic may contact the Financial Department of the Clerk's Office to obtain information about the status of the funds. The Clerk is directed to provide information about the status of the deposited funds when Cubic requests information to comply with its reporting obligation to OFAC.

    (4) The Court denies Iran's ex parte application for an extension of time to oppose the Lien Claimants' motion.

    IT IS SO ORDERED.

DATED: June 12, 2012

*[signature]*

Hon. Rudi M. Brewster
United States Senior District Judge